**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**3M COMPANY,**

    **Plaintiff,**

v.                                       Case No.: No. 8:20-cv-1003-T-35CPT

**TAC2 GLOBAL LLC,**

    **Defendant.**

_____/

**ORDER GRANTING PLAINTIFF 3M COMPANY'S
MOTION FOR TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** comes before the Court upon Plaintiff 3M Company's ("Plaintiff" or "3M") Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (the "Motion") (Dkt. 8). As set forth below and for the reasons stated on the record, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**. (Dkt. 23)

**Background**

On May 6, 2020, Plaintiff 3M Company filed the Motion, seeking to enjoin Defendant from (1) using any of the 3M Marks (as defined in Plaintiff's Complaint) in commerce; (2) holding itself out to consumers and/or the public as an authorized distributor or vendor of 3M-brand products, or holding itself out as having any affiliation, connection, or association with 3M in any way; (3) falsely representing that 3M has increased the prices of 3M-brand N95 respirators as a result of the COVID-19 crisis or that 3M has required or authorized others to increase the prices of 3M-brand N95 respirators as a result of the COVID-19 crisis; and (4) offering to sell any of 3M's products at a price and/or in a manner that would constitute a violation of § 501.160(2), Florida

Statutes. 3M further requested that Defendant be required to file an affidavit detailing and confirming its compliance with the Court's orders.

**Legal Standard**

To obtain a TRO, a movant must show: (1) a substantial likelihood of success on the merits; (2) that the preliminary injunction or TRO is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm the preliminary injunction or TRO would cause the other litigants; and (4) that the preliminary injunction or TRO would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001).

Plaintiff has demonstrated a likelihood of success on the merits of one of its claims brought in the Complaint. The Court finds that Plaintiff would be irreparably harmed if Defendant continues to represent to potential buyers of personal protective equipment that Defendant has been contractually authorized by 3M to serve as its distributor. The harm to Plaintiff to prevent any such affiliation by Defendant is not outweighed by any interest to the public.

Plaintiff 3M has not demonstrated that the Defendant has knowingly used or attempted to use 3M's trademarks to sell counterfeit or non-existent 3M-brand products. Plaintiff 3M has not demonstrated that Defendant has engaged in any price gouging or that Defendant has claimed that 3M has engaged in price gouging. Hence, no injunction is proper on either of these assertions.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order, (Dkt. 8), is **GRANTED IN PART and DENIED IN PART** as follows:

1. Defendant and all persons acting on behalf of TAC2 Global are hereby temporarily restrained from holding themselves out to consumers and/or the public as having been authorized by 3M as an approved or contracted distributor of 3M-brand products. This does not prevent Defendant from representing to potential customers that it has a supplier of 3M brand products that has represented and warranted to Defendant that the products are genuine.

2. During the pendency of this TRO Order, 3M shall have the right to inspect, in person, any purported 3M-brand products to confirm and certify such products' authenticity and safety prior to Defendant's distribution to its customers. Defendant shall give 3M 24 hours advance notice as to the location and other logistic information of where the purported 3M-brand products will be delivered, in order to conduct an inspection of an agreed upon reasonable number of examplars of the purported 3M-brand products. 3M shall have 24 hours from the time of delivery identified in the notice to conduct its inspection prior to Defendant's delivering the product to its customer. The Parties shall bear their own individual costs and expenses associated with any such inspection. 3M shall notify, within the 24 hour inspection period provided to 3M, Defendant's counsel, in writing, its determination as to whether the products in question are genuine 3M-brand products and the basis for such finding. If, for any reason, 3M is unable to conduct an inspection within the 24 period provided, 3M forfeits its opportunity to inspect the shipment of products for which it was notified, and it may not thereafter interfere with the distribution and sale of such products by Defendant to a third party. In the event 3M determines that the product is not a legitimate 3M product, Defendant may not transfer the product to the buyer without informing said buyer, in writing, that the product was inspected by 3M

agents and was determined not to be a 3M product. This Order shall not prevent the Defendant from representing to others that, pursuant to a Court order, 3M was given, under certain conditions and limitations, the opportunity to inspect the product prior to delivery. 3M shall not disclose the location of the shipment to any other entity or person without a prior order or directive of this Court.

3. The Parties have agreed that in order to maximize the possibility that a hearing may be held in person on the Motion to convert the TRO into a Preliminary Injunction, this TRO shall remain in effect until at least June 3, 2020, on which date this Court will hold a hearing on Plaintiff's Motion for Preliminary Injunction. The hearing will be held on **Wednesday, June 3, 2020, at 10:00 a.m.**, in the Sam Gibbons United States Courthouse, Courtroom 7A, 801 North Florida Ave., Tampa, FL 33602, before the Honorable Mary S. Scriven. (Dkt. 24) **Lead Counsel shall appear in person and a Corporate Representative with full settlement authority for each Party shall also appear in person at that hearing.**

4. In accordance with Fed. R. Civ. P. 65(c), 3M shall post with the Clerk of this Court a cash or surety bond of $500,000.00 to insure against any costs and damages that may be sustained by Defendant if it is found to have been wrongfully enjoined or restrained.

5. The Parties shall be permitted to engage in limited discovery related to Plaintiff's Motion for Preliminary Injunction.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of May, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

4

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person